UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAUL TOOLY,

                       Plaintiff,

  -v-                                      7:13-CV-1575
                                           (DNH/ATB)
JOHN F. SCHWALLER;

                       Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

LEVINE, BLIT LAW FIRM               LEWIS G. SPICER, ESQ.
Attorney for the Plaintiff
499 South Warren Street, Suite 500B
Syracuse, New York 13202

HON. LETITIA JAMES                  DAVID FRUCHTER, ESQ.
Attorney General for the State of New York   WILLIAM A. SCOTT, ESQ.
Attorneys for the Defendants
 The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge

## DECISION and ORDER

     Plaintiff Paul Tooly ("Tooly") filed this civil rights action on December 23, 2013 against defendants State University of New York at Potsdam ("SUNY Potsdam"), John F. Schwaller ("Schwaller") and Mary Dolan ("Dolan"). In his Amended Complaint, Tooly asserted four causes of action, including deprivation of due process rights and violation of the Equal Protection Clause, both pursuant to 42 U.S.C. § 1983, and disability discrimination and retaliation pursuant to New York State Human Rights Law, N.Y. Exec. Law. § 290 *et seq.* ("NYHRL").

In a October 2, 2017 Memorandum, Decision and Order, defendants' motion for summary judgment was granted in part and denied in part, leaving Tooly's federal procedural due process and New York disability discrimination claims against only one defendant, Schwaller, the then President of SUNY Potsdam. See Oct. 2, 2017 Memorandum, Decision and Order, at 21-22. On October 31, 2017, Schwaller filed an interlocutory appeal. See Notice of Appeal.

On March 20, 2019, the Second Circuit Court of Appeals issued an order which concluded that Schwaller is entitled to qualified immunity with regards to Tooly's federal procedural due process claim and remanded with instructions to dismiss such claim against Schwaller. See March 20, 2019 Order, at 22. The Second Circuit noted that plaintiff's disability discrimination claim against Schwaller pursuant to New York Human Rights Law remains.

By Decision and Order dated March 29, 2019, the parties were directed to submit briefing on whether supplemental jurisdiction over the state law claim should continue to be exercised. Both parties have submitted such briefing. See ECF No. 77 & 78.

Where all the claims over which a district court has original jurisdiction have been dismissed, the court may decline to exercise supplemental jurisdiction over remaining state law claims. See 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York, 464 F.3d 255, 262 (2d Cir. 2006); Middleton v. Falk, 2009 WL 666397, at *9 (N.D.N.Y. Mar. 10, 2009) (D.J. Suddaby). The decision is a discretionary one, and its justification "lies in considerations of judicial economy, convenience and fairness to litigants[.]" United Mine Workers of Am., 383 U.S. at 726; see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) ("Once a district court's discretion is triggered under 1367(c)(3), it balances the traditional values of judicial economy, convenience, fairness and

comity in deciding whether to exercise jurisdiction."); Jones v. Ford Motor Credit Co., 358 F3d 205, 214 (2d Cir. 2004). "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Valencia ex rel. Franco v. Lee, 316 F. 299, (2d Cir. 2003) (quoting Cohill, 484 U.S. at 350 n. 7).

Numerous courts in the Second Circuit have dismissed state claims *sua sponte* after the federal law claims have been dismissed. See Terrill v. Windham-Ashlan-Jewett Central School Dist., 176 F. Supp. 3d 101, 112 (N.D.N.Y. 2016) (C.J. Suddaby) ("The Court notes that it may sua sponte render this determination."); Rothenberg v. Daus, 2015 WL 1408655, at *11, n. 12 (S.D.N.Y. March 27, 2015) ("Plaintiffs' contention that the court may not decline to exercise supplemental jurisdiction *sua sponte* contravenes black letter law."); Star Multi Care Servs., Inc. v. Empire Blue Cross Blue Shield, 6 F. Supp. 3d 275, 293 (E.D.N.Y. 2014).

Where a state law claim would be barred by the statute of limitations, courts in the Northern District have still declined to exercise supplemental jurisdiction as the remaining state law claims would be protected by New York Civil Procedure Law and Rules § 205(a), which allows for a tolling of the statute of limitations. See N.Y. C.P.L.R. § 205(a); Yupa v. Country Stone & Fence, 2017 WL 27957, at *5 (E.D.N.Y. 2017); Trinidad v. New York City Dept. of Correction, 423 F. Supp. 2d 151, 169 (S.D.N.Y. 2006). Further, 28 U.S.C. § 1367(d) provides that the period of limitations for any supplemental claim "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d).

Having reviewed the parties' submissions and considered the judicial economy, convenience and fairness to the litigants, it is appropriate to dismiss Tooly's disability

discrimination claim pursuant the New York State Human Rights Law without prejudice to refiling in New York State Court. As all federal claims have been dismissed prior to trial, judicial economy and comity point toward declining to exercise jurisdiction over the remaining state law claim. See Cohill, 484 U.S. at 350 n.7. Further, as the applicable statute of limitations would not bar plaintiff from re-filing his claim in New York state court, there is "no unfairness in declining to exercise supplemental jurisdiction". See Rizvi v. Town of Wawarsing, 654 Fed. Appx. 37, 40 (2d Cir. 2016).

Therefore, it is ORDERED that

1. plaintiff's third cause of action against defendant Schwaller is **DISMISSED without prejudice** to refiling in New York State Court within thirty (30) days of this Decision and Order, pursuant to 28 U.S.C. § 1367(d); and

2. the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

United States District Judge

Dated: April 16, 2019
 Utica, New York.